UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MBIA INSURANCE CORPORATION,

                          Plaintiff,               09 Civ. 3255

    -against-                                 OPINION

PATRIARCH PARTNERS VIII, LLC, a
Delaware limited liability company,
and LD INVESTMENTS, LLC, a
Delaware limited liability company,

                          Defendants.

------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        BINGHAM MCCUTCHEN LLP
        399 Park Avenue
        New York, NY  10022-4689
        By:  Jeffrey Q. Smith, Esq.
             Susan F. DiCicco, Esq.
             Kevin J. Biron, Esq.

        Attorneys for Defendants

        BRUNE & RICHARD LLP
        One Battery Park Plaza
        New York, NY  10004
        By:  Charles A. Michael, Esq.
             David Elbaum, Esq.
             Hillary Richard, Esq.

4-4-12

**Sweet, D.J.**

Defendants Patriarch Partners VIII, LLC
("Patriarch") and LD Investments, LLC (collectively, the
"Defendants") have moved for partial reconsideration of the
Court's opinion dated February 6, 2012 (the "February 6
Opinion").  The Defendants request that the Court, upon
reconsideration, grant summary judgment against plaintiff MBIA
Insurance Corporation ("MBIA" or the "Plaintiff") with respect
to two claims the Defendants contend went unaddressed in the
February 6 Opinion.  The Defendants' motion for
reconsideration was filed on February 17, 2012, and it was
considered fully submitted on March 14.

For the following reasons, the Defendants' motion
for reconsideration is denied.

**The Applicable Standard**

The Plaintiff requests reconsideration of the
February 6 Opinion pursuant to Local Civil Rule 6.3.  The
standards governing motions under Local Rule 6.3 along with
Fed. R. Civ. P. 59 are the same, and a court may grant

1

reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Henderson v. Metro. Bank & Trust Co., 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701-02 (S.D.N.Y. 2001) (granting reconsideration due to the court's erroneous application of a statute). The moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. See Linden v. Dist. Council 1707-AFSCME, 415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal of reconsideration motion as movant did not identify any relevant facts or controlling authority that the lower court overlooked); Lichtenberg v. Besicorp Grp. Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002) (affirming dismissal of

2

reconsideration motion where movant "failed to demonstrate
that the [lower] court overlooked any fact of consequence or
controlling legal authority at the time the court decided [the
case]").

The reason for the rule confining reconsideration to
matters that were "overlooked" is to "ensure the finality of
decisions and to prevent the practice of a losing party
examining a decision and then plugging the gaps of a lost
motion with additional matters."  Polsby v. St. Martin's
Press, Inc., No. 97 Civ. 690(MBM), 2000 WL 98057, at *1
(S.D.N.Y. Jan. 18, 2000) (citation and quotation marks
omitted).  A court must narrowly construe and strictly apply
Local Rule 6.3, so as to avoid duplicative rulings on
previously considered issues, and to prevent the rule from
being used as a substitute for appealing a final judgment.
See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA
Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y.
Jul. 16, 2009) ("A motion for reconsideration is not a motion
to reargue those issues already considered when a party does
not like the way the original motion was resolved.") (quoting
Davey v. Polan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007));
ResQNet.com v. Lansa, Inc., No. 01 Civ. 3578, 2008 WL 4376367,

3

at *2 (S.D.N.Y. Sept. 25, 2008) ("The standard for granting
such a motion is strict, and reconsideration will generally be
denied unless the moving party can point to controlling
decisions or data that the court overlooked—matters, in other
words, that might reasonably be expected to alter the
conclusion reached by the court.") (citations and quotation
marks omitted); Ballard v. Parkstone Energy, LLC, No. 06 Civ.
13099, 2008 WL 4298572, at *1 (S.D.N.Y. Sept. 19, 2008)
("Local Rule 6.3 is to be narrowly construed and strictly
applied in order to avoid repetitive arguments on issues that
the court has fully considered.") (quoting Abrahamson v. Bd.
of Educ. of the Wappingers Cent. Sch. Dist., 237 F. Supp. 2d
507, 510 (S.D.N.Y. 2002).

Motions for reconsideration "are not vehicles for
taking a second bite at the apple, . . . and [the court]
[should] not consider facts not in the record to be facts that
the court overlooked." Rafter v. Liddle, 288 Fed. Appx. 768,
769 (2d Cir. 2008) (citation and quotation marks omitted).

**Prior Proceedings**

4

The facts of the case are described in detail in the
February 6 Opinion, and familiarity with those facts is
assumed.

MBIA filed its complaint on April 3, 2009, alleging
breach of contract, anticipatory repudiation, breach of the
implied duty of good faith and promissory estoppel, along with
a request for the Court to issue a declaratory judgment
concerning both the enforceability of an agreement between the
two parties (the "Master Agreement") and the scope of
Patriarch's obligations under that agreement.  Following
discovery, the Defendants moved, pursuant to Fed. R. Civ. P.
56, for summary judgment dismissing MBIA's complaint.  MBIA
moved, pursuant to the same rule, for partial summary judgment
dismissing the Defendants' affirmative defenses of unclean
hands and equitable estoppel.  In addition, both parties filed
motions in limine to exclude certain testimony and exhibits
submitted by the opposing party.

In the February 6 Opinion, the Defendants' motion
for summary judgment dismissing the complaint was granted in
part and denied in part, and the Plaintiff's motion for
partial summary judgment to dismiss the Defendants'

5

affirmative defenses of unclean hands and equitable estoppel
was granted.  Specifically, the February 6 Opinion found that
a triable issue of fact existed with respect to the terms of
the Master Agreement, specifically the provisions requiring
Patriarch to use "commercially reasonable efforts" as soon as
"reasonably practicable" to seek ratings on the Class B Notes,
and that neither the limitation of liability provision in the
Master Agreement, nor the doctrine of election of remedies
served to preclude MBIA's contract claims.  The Court denied
the Defendants' summary judgment motion with respect to MBIA's
claims for a declaratory judgment, breach of the implied
covenant of good faith and fair dealing and promissory
estoppel.  With respect to MBIA's motion for partial summary
judgment, the February 6 Opinion held that the Defendants'
affirmative defenses of unclean hands and equitable estoppel
both failed.  The parties' motions to preclude evidence were
both denied, with the Court holding that "[f]actual issues are
presented by the experts' testimony, and their resolution is
not appropriate in the context of the present motions."

     In their present motion for reconsideration, the
Defendants contend that there are two issues that were briefed
but not addressed in the February 6 Opinion, namely

6

Patriarch's request for dismissal of MBIA's claim relating to
the Class C Notes and the controlling law from the New York
Court of Appeals that requires dismissal of MBIA's claim for
anticipatory repudiation.

## The Defendants' Motion For Reconsideration Is Denied

According to the Defendants, it is undisputed that
the Class C Notes could not satisfy the applicable debt-for-
tax condition in the Master Agreement, and MBIA did not oppose
Patriarch's motion for summary judgment on this point.
Additionally, the Defendants contend that under controlling
case law from the New York Court of Appeals, MBIA cannot
sustain its claim for anticipatory repudiation because MBIA
claims that it fully performed its obligations under the
Master Agreement.  Because the Defendants have failed to raise
any factual or legal issues that the Court overlooked in its
February 6 Opinion, the Defendants' motion for reconsideration
is denied.

### A. The Defendants' Motion For Reconsideration With Respect To MBIA's Claim Relating To The Class C Note Is Denied

7

According to the Defendants, although the February 6 Opinion focused on the only claim alleged in MBIA's complaint, namely whether Patriarch breached its obligation to transfer the Class B Notes, during expert discovery, MBIA asserted that only a portion of the Class B Notes could have been rated investment grade by Moody's and S&P. As a result, MBIA alleged that, pursuant to Section 7.13(b)(4) of the Indenture, the unrated portion of the Class B Notes should have been converted into newly-issued Class C Notes, and Patriarch breached its obligation to transfer a portion of these Notes.

The Defendants contend that they are entitled to summary judgment on this claim because, pursuant to the Master Agreement, Patriarch's obligation to transfer the Class C Notes is still "subject to the same conditions" as the Class B Notes "except the condition relating to the rating of the Class B Notes." Because Patriarch's obligation to transfer the Class C Notes is subject to the same conditions pertaining to Patriarch's obligation to transfer the Class B Notes, the Defendants note that the Master Agreement only obligated Patriarch to transfer the Class C Notes if they "constitute debt for United States federal income tax purposes as evidence by an opinion of a nationally-recognized tax counsel." The

8

Defendants contend that their summary judgment motion papers
established that it is undisputed that the Class C Notes could
not have satisfied the debt for tax purposes condition at any
time.   In support of this contention, the Defendants cite the
testimony of their tax expert, who opined that the Class C
Notes "would remain equity for tax purposes," and note that
MBIA's tax expert testified that he "wasn't asked to address
the class C notes at all."   According to the Defendants, MBIA
did not oppose the motion for summary judgment with respect to
this claim.

          The thrust of the Defendants' argument with respect
to their motion for reconsideration of the Class C Notes issue
is that the Court overlooked the fact that MBIA's expert
failed to opine regarding the tax status of the Class C Notes,
while Patriarch's expert rendered an opinion that the Class C
Notes "would remain equity for tax purposes," thereby making
it impossible for the Class C Notes to satisfy the debt-for-
tax condition.   Although the Defendants are correct that the
Court did not directly address claims concerning the Class C
Notes, the Court did note that "[f]actual issues are presented
by the experts' testimony, and their resolution is not
appropriate in the context of the present motions."   The

                              9

question concerning the Class C Notes and the debt-for-tax
condition represents one such factual issue, as the
Defendants' arguments were based on the substance of the
experts' testimony.  Because the Defendants cannot "point to
controlling decisions or data that the court overlooked-
matters, in other words, that might reasonably be expected to
alter the conclusion reached by the court," ResQNet.com, 2008
WL 4376367, at *2, the Defendants' motion to reconsider the
Class C Notes issue is denied.

### B. The Defendants' Motion For Reconsideration With Respect To MBIA's Anticipatory Repudiation Claim Is Denied

In its opposition to the Defendants' motion for
summary judgment, MBIA stated that "[a]s of early 2004, MBIA
had fully performed under the Master Agreement."  According to
the Defendants, the February 6 Opinion overlooked the fact
that this concession on the part of MBIA precludes any claim
for anticipatory repudiation under the New York Court of
Appeals case Long Island R.R. Co. v. Northville Indus. Corp.,
41 N.Y.2d 455, 463-64, 393 N.Y.S.2d 925, 362 N.E.2d 558, 563
(1977).  In Northville Industries, the Court of Appeals held
that "a party who has fully performed cannot invoke the

10

doctrine [of anticipatory repudiation] even though the other party has repudiated." Id. The Court of Appeals specified that this limitation on the doctrine of anticipatory repudiation exists "even in the instance of 'a contract originally bilateral that has become unilateral by full performance by one party.'" Id. (quoting Restatement, Contracts § 318). This legal principle has been followed by the federal courts. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 259 n.5 (2d Cir. 2002) ("New York courts have generally limited the doctrine of anticipatory breach to bilateral contracts requiring mutual and interdependent obligations."); see also Reprosystem, B.V. v. SCM Corp., 630 F. Supp. 1099, 1101 (S.D.N.Y. 1986) ("In New York, the doctrine of anticipatory breach is only available as a defense to continued performance by the injured party and therefore is not appropriate if the party invoking the doctrine has fully performed.").

In further support of their motion for reconsideration, the Defendants note that, in its briefing opposing the Defendants' election of remedies defense, MBIA asserted in a bold and capitalized section that "MBIA Had No Remaining Performance Obligations Under the Master Agreement

11

After Defendants' Breaches."  At another point in the summary

judgment briefing, MBIA represented that it "had fully

performed under the Master Agreement by transferring the

management of Amara-1, Amara-2 and Oasis to Defendants and

entering into certain premium assignment agreements with the

Defendants."  According to the Defendants, although MBIA

stated that it had a "remaining obligation . . . to consent to

the ultimate contribution of the B Notes," its brief made

clear that this was neither an obligation owed to Patriarch

nor in any way interdependent with Patriarch's obligations.

The Defendants contend that because MBIA conceded that it had

fully performed all of its obligations to Patriarch under the

Master Agreement more than three years before the alleged

repudiation, the Plaintiff's anticipatory repudiation claim

fails as a matter of law and summary judgment should be

granted in the Defendants' favor.


        The Defendants' citations to the Plaintiff's summary

judgment briefing fail to establish an issue the Court

overlooked in the February 6 Opinion.  Although the

Defendants' cite language from the Plaintiff's opposition

brief suggesting that the Plaintiff believed its obligations

were complete, the pleadings before the Court demonstrated

12

that MBIA did not consider its obligations under the Master
Agreement to be fulfilled.  For example, MBIA's complaint
stated, "MBIA has performed its obligations to date under the
Master Agreement and is ready, willing and able to perform its
remaining obligations under the Master Agreement, including
its obligation to assist Patriarch in causing the occurrence
of certain of the Contribution Terms." Compl. ¶ 56.  MBIA's
brief in opposition to the Defendants' motion for summary
judgment cited the Master Agreement and noted that "MBIA and
Patriarch also agreed 'to cooperate and use commercially
reasonable efforts to procure as soon as reasonably
practicable' the satisfaction of the rating and debt-for-tax
Conditions" and "[o]nce MBIA [appointed Patriarch affiliates
to manage Amara-1, Amara-2 and Oasis], the parties owed no
further performance under the Master Agreement, except for the
obligation to cause the satisfaction of the Conditions and
Defendants' obligation to cause the contribution of the B
Notes (and C Notes) to the Identified CDOs." (emphasis in the
original).  These passages, which describe MBIA's "remaining
obligations under the Master Agreement," stand contrary to the
suggestion that the Plaintiff perceived its obligations under
the Master Agreement to be fulfilled.

Furthermore, although the Defendants quote a passage from the Plaintiff's summary judgment briefing and conclude that MBIA conceded that it had fully performed under the Master Agreement, a more complete reading of the passage the Defendants cite illustrates MBIA's understanding that its performance under the Master Agreement was not yet complete:

> As of early 2004, MBIA had fully performed under the Master Agreement by transferring the management of Amara-1, Amara-2 and Oasis to Defendants and entering into certain premium assignment agreements with Defendants.  MBIA's only remaining obligation was to consent to the ultimate contribution of the B Notes (and the C Notes, if applicable).  [FN 40: MBIA was never called upon to perform this obligation because Patriarch did not use commercially reasonable efforts to satisfy the Conditions.]  Thus, after learning of Defendants' breach in November 2007, MBIA did not take any action to perform under the Master Agreement.

Pl.'s Opp. at 29 (citation omitted).  Thus, notwithstanding the Defendants' selected quotations from the Plaintiff's summary judgment briefing, the materials before the Court when it issued the February 6 Opinion included numerous references to the fact that MBIA remained obligated to perform under the Master Agreement.  As such, the Court did not overlook evidence conclusively establishing MBIA to have completed its performance under the Master Agreement, and it would have been

14

inappropriate to grant summary judgment to the Defendants on the basis of the Court of Appeals' <u>Northville Industries</u> decision.  Accordingly, the Defendants' motion for reconsideration with respect to MBIA's anticipatory repudiation claim is denied.

**Conclusion**

Based on the conclusions set forth above, the Defendants' motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**April 3 , 2012**

ROBERT W. SWEET
U.S.D.J.

15