UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

MBIA INSURANCE CORPORATION,

                Plaintiff,        09 Civ. 3255

  -against-                            OPINION

PATRIARCH PARTNERS VIII, LLC, a
Delaware limited liability company,
and LD INVESTMENTS, LLC, a
Delaware limited liability company,

                Defendants.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    BINGHAM MCCUTCHEN LLP
    399 Park Avenue
    New York, NY  10022-4689
    By:  Jeffrey Q. Smith, Esq.
        Susan F. DiCicco, Esq.
        Kevin J. Biron, Esq.

    Attorneys for Defendants

    BRUNE & RICHARD LLP
    One Battery Park Plaza
    New York, NY  10004
    By:  Charles A. Michael, Esq.
        David Elbaum, Esq.
        Hillary Richard, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/12

**Sweet, D.J.**

On July 27, 2012, Defendants Patriarch Partners VIII LLC and LD Investments, LLC ("Patriarch" wrote to the Court concerning a discovery dispute. According to Patriarch, Plaintiff MBIA Insurance Corporation ("MBIA") is inappropriately withholding materials in violation of this Court's opinion dated July 3, 2012 (the "July 3 Opinion"), which held that MBIA's attorney-client privilege is waived with respect to testimony of MBIA witnesses as to MBIA's intent concerning provisions of the Master Agreement and the Zohar I Indenture, as amended. See MBIA Ins. Corp. v. Patriarch Partners VIII, LLC, No. 09 Civ. 3255, 2012 WL 2568972, at *9 (S.D.N.Y. July 3, 2012). Upon the conclusions set forth below, Patriarch's motion to compel production of privileged documents concerning MBIA's intent and interpretation of the applicable agreements is granted.

**Prior Proceedings**

An opinion dated February 6, 2012 addressing the parties' cross-motions for summary judgment sets forth prior proceedings in this action. See MBIA Ins. Corp. v. Patriarch Partners VIII, LLC, No. 09 Civ. 3255, 2012 WL 382921 (S.D.N.Y.

1

Feb. 6, 2012). Familiarity with those prior proceedings is assumed. The parties have submitted their Joint Pretrial Order, which the Court signed on March 12, 2012. In the July 3 Opinion, this Court decided seven motions in limine that had been submitted in anticipation for trial. Trial is scheduled to begin on October 15, 2012.

On July 27, 2012, Patriarch contacted the Court with respect to the present discovery dispute. Patriarch's letter was treated as a motion, which was marked fully submitted on August 22.

**The Relevant Facts**

In addition to detailing the prior proceedings, the February 6 opinion provides a detailed factual account of the dispute between MBIA and Patriarch. Accordingly, only a brief recapitulation of the relevant facts will be provided here.

This action involves the interplay of several agreements including the Master Agreement, the Zohar I Indenture and the Third Supplemental Indenture. The central triable issues of fact in this action concern the extent of Patriarch's

obligations under these agreements, including whether the obtaining of a $750 million collateral balance in a Patriarch CDO called Zohar I was a condition necessary to trigger Patriarch's performance in obtaining ratings on junior notes Zohar I issued called Class B Notes.

MBIA has claimed that Patriarch breached the Master Agreement by failing to request that rating agencies rate the Class B Notes. Patriarch has argued that it did not breach the Master Agreement because Patriarch had no obligation to request the ratings until the Zohar I collateral balance reached $750 million, an event that never occurred. Patriarch has supported this contention with language from Section 3.04 of the Master Agreement providing that Patriarch's contribution obligation "shall be subject to the following terms . . . the rating of such Transferable Notes is at least 'Baa3' by Moody's and 'BBB-' by Standard & Poor's as contemplated by Section 7.13(b) of the Zohar Indenture." Patriarch contends that this condition, when read in conjunction with Section 7.13 of the Zohar I Indenture, which was amended by the Third Supplemental Indenture, limited Patriarch's obligation to seek a rating until the collateral balance reached $750 million.

MBIA is of the view that the Master Agreement and the Third Supplemental Indenture established that Patriarch's obligation to seek the ratings was not conditioned on the collateral balance reaching $750 million. In the briefing pertaining to the parties' cross-motions for summary judgment, MBIA supported this contention with affidavits from two fact witnesses - Michael Murtagh ("Murtagh") and Amy Mauer-Litos ("Mauer-Litos") - as well as Robert Chiperfield ("Chiperfield"), who served as MBIA's outside counsel with respect to the negotiation and drafting of the Master Agreement. In the Pretrial Order, MBIA listed these three individuals, along with Ram Wertheim ("Wertheim") who served as MBIA's General Counsel, as potential witnesses.

## Patriarch's Motion To Compel Production Of Documents Is Granted

The July 3 Opinion decided a motion in limine addressing whether MBIA, by offering the testimony of Murtagh, Mauer-Litos, Chiperfield and Wertheim had waived its attorney-client privilege. The July 3 Opinion summarized the substance of the dispute as follows:

> The February 6 Opinion concluded that a fact issue for
> trial concerned the scope of Patriarch's obligations under

4

> the Master Agreement and the relationship between the
> Master Agreement and Section 7.13(b) of the Zohar I
> Indenture, as amended. In the PTO, MBIA has identified
> four witnesses whose testimony Patriarch anticipates will
> include extrinsic evidence on these issues. The witnesses
> MBIA has identified include Robert Chiperfield
> ("Chiperfield"), lead transactional counsel who negotiated
> the relevant documents, Ram Wertheim ("Wertheim"), MBIA's
> General Counsel, and Michael Murtagh ("Murtagh") and Amy
> Mauer-Litos ("Mauer-Litos"), two fact witnesses. Patriarch
> contends that, in offering this evidence, MBIA has placed
> its contracting intent and interpretation at issue and
> waived the attorney-client privilege that may have attached
> to documents bearing on those issues.

MBIA Ins. Corp., 2012 WL 2568972, at *5. The July 3 Opinion then noted that, because MBIA placed its intent and understanding of the Master Agreement "at issue," it waived its attorney-client privilege and that, as a matter of fairness, Patriarch is entitled to obtain documents capable of rebutting MBIA's assertions regarding the Master Agreement. Id. at *7-8. MBIA's various other objections concerning the waiver of its attorney-client privilege were found to be without merit. Id. at *9. The July 3 Opinion concluded:

> MBIA has demonstrated its intention to place the opinion of
> counsel at issue. In opposing Patriarch's summary judgment
> motion, MBIA sought to introduce various affidavits
> reflecting its witnesses' intent and interpretation of the
> Master Agreement and Indenture. In one of the affidavits
> MBIA submitted with respect to the summary judgment motion,
> Mauer-Litos made factual assertions about what "MBIA
> expected Patriarch" to do pursuant to the Master Agreement,
> what she "believed" about the relationship between Section

5

> 7.13(b) of the Indenture and the Master Agreement, and what she "intended" when she signed the Third Supplemental Indenture. In another affidavit, Murtagh offered similar factual assertions about his intent and interpretation of the Master Agreement and Third Supplemental Indenture. Similar to Mauer-Litos and Murtagh, Chiperfield has made factual assertions about his "understanding" of the Master Agreement as well as what was "intended" by the parties in the Agreement. As such, MBIA has placed the opinion of counsel at issue and impliedly waived the attorney-client privilege.
>
> . . .
>
> Patriarch is entitled to obtain all documents that are potentially capable of rebutting MBIA's factual assertions with respect to the Master Agreement § 3.04 as contemplated by Section 7.13(b) of the Zohar Indenture and the Third Indenture Section 7.13(b) altering the deadline after the collateral balance exceeds $750 million.
>
> . . .
>
> For the reasons expressed above, MBIA has waived the attorney-client privilege with respect to any testimony of MBIA witnesses as to its intent with respect to the provisions of the Master Agreement and the Third Indenture submitted to counter Patriarch's contentions. If no such testimony will be proffered, no waiver will be enforced.

Id. at *7-9.

In its July 27 letter, Patriarch stated that, following the July 3 Opinion, it contacted MBIA's counsel to request production of withheld documents. MBIA responded that it would not be producing any documents because MBIA only intends to proffer testimony from witnesses to counter

6

Patriarch's contention that under the operative agreements, Patriarch had no obligation to seek the ratings until the collateral balance reached $750 million.  MBIA represented that it has reviewed all documents previously withheld on the basis of privilege and determined that no such documents related to this limited issue exist.

Patriarch objected to MBIA's decision not to produce any documents, prompting MBIA to reiterate its refusal to produce any withheld documents on the ground that none of them specifically concerns (i) the relationship between Section 7.13(b) of the Indenture and Patriarch's obligation under the Master Agreement to seek the required ratings, (ii) the relationship, if any, between Patriarch's obligation to seek the ratings and the language in Section 3.04 of the Master Agreement providing that Patriarch's obligation is subject to the Class B Notes being rated investment grade as contemplated by Section 7.13(b) of the Zohar Indenture or (iii) the effect, if any, of the Third Supplemental Indenture on Patriarch's rating obligation.

Patriarch is requesting that the Court compel MBIA to produce all withheld documents concerning the scope of

Patriarch's obligations under the Master Agreement, Section 7.13(b) of the Zohar I Indenture and the Third Supplemental Indenture. According to Patriarch's interpretation of the July 3 Opinion, MBIA is only excused from producing these materials in the event that MBIA chooses to present no testimony concerning its intent and interpretation of the agreements. Patriarch contends that MBIA has not made that choice and should be required to produce the requested documents.

According to MBIA, the July 3 Opinion provides that if MBIA intends to proffer testimony to rebut Patriarch's contention that Patriarch had no obligation to seek the required ratings on the Class B Notes until the collateral balance reached $750 million, then MBIA must produce any previously withheld privileged documents concerning that issue. MBIA represents that this is the only issue as to which MBIA intends to proffer testimony regarding its contracting intent and interpretation and that MBIA has reviewed all documents that it withheld as privileged and determined that none of those documents concern this issue. According to MBIA, the July 3 Opinion held that MBIA has waived attorney-client privilege with respect to the issue of whether the collateral balance reaching $750 million was a condition to Patriarch's obligation and then

only to the extent MBIA offers trial testimony to rebut Patriarch's contentions on that subject. Because MBIA has confirmed that it does not intend to proffer any testimony regarding its contracting intent and interpretation except to rebut any extrinsic evidence Patriarch may submit in support of its contentions on the issue and that MBIA only intends to proffer such rebuttal testimony from non-lawyer witnesses, MBIA contends that it should be not obligated to produce any privileged materials.

As was noted in the February 6, 2012 opinion as well as the July 3 Opinion, a central issue for trial is the scope of Patriarch's obligations under the Master Agreement. See MBIA Ins. Corp., 2012 WL 2568972, at *3 (citing MBIA Ins. Corp., 2012 WL 382921, at *23). Although MBIA contends that the July 3 Opinion addressed the attorney-client privilege issue with respect to only those documents discussing whether Patriarch's obligation to seek a rating was conditioned on the collateral balance reaching $750 million, the passages from the applicable portion of July 3 Opinion quoted above note that the July 3 Opinion was not so narrowly constrained. In addressing the attorney-client privilege issue, the July 3 Opinion recognized "that a fact issue for trial concerned the scope of Patriarch's

9

obligations under the Master Agreement and the relationship between the Master Agreement and Section 7.13(b) of the Zohar I Indenture, as amended," MBIA Ins. Corp., 2012 WL 2568972, at *5, and the opinion concluded that "MBIA, by placing at issue its contracting intent and interpretation of the Master Agreement, has waived attorney-client privilege." Id. As such, the degree to which MBIA has waived its attorney-client privilege is broader than MBIA suggests.

Additionally, the question of whether Patriarch had an obligation to seek a rating before the collateral balance reached $750 million relates to the broader question of the overall scope of Patriarch's obligations concerning the Class B Notes under the agreements at issue. While MBIA has stated that it intends to proffer testimony regarding only its contracting intent and interpretation as to the $750 million trigger, MBIA's argument that Patriarch's rating obligation was not conditioned on the collateral balance reaching $750 million is based on MBIA's claimed contracting intent and interpretation that Patriarch was obligated under the applicable agreements to seek a rating prior to the Zohar I collateral reaching that level. Fairness requires that MBIA produce any documents that are

capable of rebutting MBIA's theory as to the scope of Patriarch's obligations under these agreements, irrespective of whether those obligations are directly tied to the $750 million collateral threshold. Accordingly, should MBIA elect to present testimony as to its contracting intent and interpretation of the agreements at issue, Patriarch is entitled to discovery of documents concerning the scope of Patriarch's obligations under Section 3.04 of the Master Agreement and Section 7.13(b) of the Indenture, as amended.

**Conclusion**

For the reasons set forth above, Patriarch's motion to compel production of various privileged materials is granted.

It is so ordered.

**New York, NY**
**August 23, 2012**

_____
ROBERT W. SWEET
U.S.D.J.